UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCUS MATTHEWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHELBY COUNTY CRIMINAL JUSTICE ) <br> CENTER and CRIMINAL COURT FOR THE ) <br> THIRTIETH JUDICIAL DISTRICT OF ) <br> TENNESSEE, ) <br> ) <br> Defendants. ) | No. 2:25-cv-02281-SHM-tmp |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 8)**

On March 11, 2025, Plaintiff Marcus Matthews, who is incarcerated at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee and is assigned prisoner identification number 23109250, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). On April 25, 2025, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 6.)

On May 5, 2025, Matthews filed a motion seeking appointment of counsel. (ECF No. 8 (the "Motion").) The Motion (ECF No. 8) is before the Court.

Matthews seeks appointment of counsel because: (1) he "is unable to afford counsel"; (2) his "imprisonment will greatly limit his ability to litigate"; (3) he has "limited access to [the] law library and limited knowledge of the law"; and (4) "counsel would better enable Plaintiff to present evidence and cross-examine witnesses." (*Id*. at PageID 26.)

The Motion does not merit the appointment of counsel for Matthews.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. To determine whether there are exceptional circumstances, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

Matthews's claim of indigency (ECF No. 8 at PageID 26) is not the type of exceptional circumstance that warrants the appointment of counsel in a civil case. *See Masciarella v. Newhouse*, No. 20-1206, 2021 WL 1318323, at *6 (W.D. Tenn. Apr. 8, 2021).

To the extent Matthews seeks appointment of counsel because he is incarcerated (ECF No. 8 at PageID 26), his argument is unpersuasive. Matthews's "imprisonment" (*id*.) is typical,

not exceptional. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (*pro se* litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Vasser v. Anderson Cnty. Det. Ctr. Doctor*, No. 3:24-cv-257, 2024 WL 3297341, at *1 (E.D. Tenn. July 3, 2024) ("Plaintiff's allegations regarding his incarceration, self-representation, and lack of an attorney are typical of prisoner plaintiffs").

To the extent Matthews seeks appointment of counsel because he lacks formal legal training (ECF No. 8 at PageID 26), his argument is unpersuasive. *See Saddozai v. Arqueza*, No. 18-cv-3972, 2022 WL 16824324, at *1 (N.D. Cal. Oct. 7, 2022) (denying motion for reconsideration of order denying appointment of counsel because "circumstances involving ... lack of legal knowledge … are not exceptional among prisoner-plaintiffs"); *see also Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Matthews's "circumstances [being untrained in the law] are typical to most prisoners." *See Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730, at *2 (M.D. Tenn. Apr. 16, 2018); *Dalton v. Murfreesboro Police Dep't*, No. 3:18-cv-0402, 2018 WL 3438777, at *1 (M.D. Tenn. July 17, 2018) (inmates are typically indigent and untrained *pro se* litigants) (citation omitted). The allegations in Matthews's complaint are not complex. Matthews alleges claims of violation of the prohibition against double jeopardy, unconstitutional conditions of confinement, failure to protect, violation of Matthews's First Amendment right to free exercise of religion, and denial of medical care (ECF No. 1 at PageID 2) -- which are areas of well-settled law under § 1983.

To the extent Matthews seeks appointment of counsel because he has "limited access to [the] law library" (ECF No. 8 at PageID 26), Matthews's argument is without merit. The

complete denial of access to a law library, in the absence of any other form of legal assistance, constitutes a deprivation of the right of access to the courts. *See Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020). A total deprivation of access to both legal materials and legal assistance also constitutes exceptional circumstances justifying appointment of counsel, because that deprivation nullifies a prisoner's "ability ... to represent himself." *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Matthews does not allege total deprivation of law library access. (*See* ECF No. 8 at PageID 26.) Matthews does not provide essential facts necessary for the Court to evaluate meaningfully Matthews's allegation of "limited access to [the] law library." (*See id*.) For example, Matthews does not say, and the Court is left to guess, the scope of law library access Matthews has at the SCCJC. (*See id*.)

For these reasons, Matthews does not demonstrate exceptional circumstances warranting appointment of counsel. The Motion (ECF No. 8) is **DENIED WITHOUT PREJUDICE**, subject to Matthews's right to re-file a motion for appointment of counsel if the case proceeds.

IT IS SO ORDERED this 31st day of October, 2025.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE